**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALSOL CORPORATION, SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, SB BUILDING GP, L.L.C., UNITED STATES LAND RESOURCES, L.P., UNITED STATES REALTY RESOURCES, INC., LAWRENCE S. BERGER, and 3.60 ACRES OF LAND, More or Less, located at Block 58, Lot 1.01, at 2 through 130 Ford Avenue in Milltown, Middlesex County, New Jersey,<br><br>　　　　　　Defendants. | Civil Action No. 13-cv-0380 (KSH)(CLW)<br><br>**OPINION** |

**WALDOR, Magistrate Judge,**

This matter is before the Court upon the application of Plaintiff, The United States of America (the "Government") having filed a Motion to Strike the Jury Demand of Alsol Corporation ("Alsol"), SB Building Associates, Limited Partnership, Sb Building GP, L.L.C., United States Land Resources, L.P., United States Realty Resources, Inc., Lawrence S. Berger, and 3.60 Acres Of Land, More or Less, located at Block 58, Lot 1.01, at 2 through 130 Ford Avenue in Milltown, Middlesex County, New Jersey, (collectively the "Defendants") as set forth in Defendants' Answer to the Government's Complaint.

The Government filed this civil action pursuant to Sections 107(a) and 107(l) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9607(l), regarding the Michelin Powerhouse Superfund Site ("Powerhouse Site") and the Michelin Building 3 Vat Site located within Block 58, Lot 1.01,

at 2 through 130 Ford Avenue in Milltown, Middlesex County, New Jersey. *See* Complaint, Dkt Entry No. 1, at ¶1.

The Complaint alleges, generally, that in May, 2004, in order to address the release or threatened release of hazardous substances such as friable asbestos, arsenic, lead, and mercury at the Powerhouse Site, the Environmental Protection Agency ("EPA") determined that a CERCLA removal action should be undertaken to mitigate the threats associated with the release of threat of release of these hazardous substances. *Id*. at ¶¶74, 81-83. In November, 2004 the EPA notified Alsol of its potential liability for the removal action at the Powerhouse Site, and offered Alsol the opportunity to perform the necessary removal action or fund EPA's performance of the removal action at the Powerhouse Site. *Id*. at ¶84. By May 2007, Alsol had partially completed the removal action, but the EPA has since been forced to incur approximately $3,036,390.43 in costs to continue the removal of the hazardous substances at the Powerhouse site. *Id*. at 84-86, 91. The Government therefore seeks recovery against the Defendants for response costs incurred by the Government pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from the Sites; and recovery in rem of all costs constituting the lien of the Government pursuant to Section 107(l) of CERCLA, 42 U.S.C. § 9607(l). *Id*.

Defendants Answered the Government's Complaint denying the allegations contained therein, and "request[ed] a trial by jury on all issues so triable." Answer, Dkt Entry No. 21, p. 9.

The Government now moves to strike that demand pursuant to Fed. R. Civ. P. 39(a)(2), asserting that Defendants have no right to a jury trial for two reasons: (1) Congress did not provide a right to a jury trial in CERCLA cost recovery cases, and (2) the Seventh Amendment does not provide a right to jury trial here because a CERCLA § 107 cost recovery action seeks equitable,

not legal, relief. *See* Mem. in Supp. of Pl.'s Mot. to Strike Jury Demand, Dkt. Entry No. 26 at pp. 1-2.

Defendants oppose the motion arguing the Seventh Amendment's right to a jury trial applies to this case because the relief sought is legal in nature. *See* Def.'s Mem. in Opp., Dkt Entry No. 28, at p. 6. Defendants argue that the equitable, restitutionary relief described by the *Hatco* court, i.e. contribution for costs incurred, *see Hatco Corp. v. W.R. Grace & Co.--Conn.*, 59 F.3d 400 (3d Cir. 1995) is distinct from the relief sought by the government here - the payment of money damages measured by the Government's loss. *See* Def.'s Mem. in Opp., at p. 6.

However, despite Defendants best efforts to distinguish the CERCLA action in *Hatco* from the present action, the *Hatco* court makes clear that there is no right to a jury trial in cases brought under either Sections 9607 or 9613. *Hatco*, 59 F.3d at 411-12 ("We are in agreement that a jury trial is not available in a claim brought under section 9607" *citing United States v. Northeastern Pharmaceutical & Chem. Co.*, 810 F.2d 726 (8th Cir. 1987)). Significantly, the *Hatco* court noted that "[sections 9607 and 9613] are intertwined, and there are practical difficulties with making a distinction between them that would justify differing rulings on the availability of a jury trial." *Hatco*, 59 F.3d at 411. Therefore regardless of whether a CERCLA action is brought under section 9613 or 9607 as it is here, our circuit has made clear that CERCLA actions brought to recover costs incurred in the cleanup of, or to prevent the release of, hazardous substances, sounds in equity and a jury trial is therefore unavailable.

For the reasons set forth above, the Government's motion to strike Defendants' jury trial demand in GRANTED.

**SO ORDERED**

                                              s/ Cathy L. Waldor
                                              **CATHY L. WALDOR**
                                              **UNITED STATES MAGISTRATE JUDGE**