NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ALSOL CORPORATION, SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, SB BUILDING GP, L.L.C. UNITED STATES LAND RESOURCES, L.P., UNITED STATES REALTY RESOURCES, INC., LAWRENCE S. BERGER, and 3.60 ACRES OF LAND, More or Less, located at Block 58, Lot 1.01, at 2 through 130 Ford Avenue in Milltown, Middlesex County, New Jersey,<br><br>                Defendants. | Action No. 2:13-cv-0380 (KSH)(CLW)<br><br>**OPINION & ORDER**[1] |

This matter comes before the Court on Defendants' request for permission to file an interlocutory appeal or, in the alternative, for re-hearing with respect to this Court's earlier Opinion & Order granting the Government's motion to strike Defendants' jury trial demand. (ECF Nos. 30-31, 85.)[2] Consistent with the District Judge's Order "deem[ing] all papers to have been timely filed for re-argument[,]" and "directing [this Court] to advise the parties with respect to any further briefing in light of ongoing discovery and issue her reconsideration decision[,]" ECF No. 96, this Court addresses the parties' submissions, ECF Nos. 32, 35, 55-57, 62-63, 85-86, subsequent to the Opinion & Order striking Defendants' jury trial demand. The Court invited the parties to further

---

[1] As set forth below, at 5-6, n.4, this also serves as a Report & Recommendation as to Defendants' request for permission to file an interlocutory appeal.
[2] References to the record use page numbers assigned by CM/ECF.

supplement their submissions, which they declined to do; the parties thereafter rested on the papers on January 13, 2017. (ECF Nos. 97-98.)

The Government's verified complaint provides: "This is a civil action brought under Sections 107(a) and 107(l) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 USC §§ 9607(a) and 9607(l)[.]" (Compl., ECF No. 1, ¶ 1.) The Government asserted the following bases for jurisdiction: "28 USC §§ 1331 and 1345, and Sections 107(a), and 113(b) of CERCLA, 42 USC §§ 9607(a), and 9613(b)." (Id., at ¶ 2.) The Government also cited Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), to support venue in the District of New Jersey. (Id., at ¶ 4.) And, by reference to 42 USC §§ 9607(a) and 9607(l), the Government sought reimbursement and recovery in rem. (Id., at ¶¶ 119-25.) In their answer, "Defendants request[ed] a trial by jury on all issues so triable." (Answer, ECF No. 21, at 9.)

Upon consideration of the Government's motion to strike and associated briefing, ECF Nos. 25-26, 28-29, the Court found that, "despite Defendants' best efforts to distinguish the CERCLA action in Hatco from the present action, the Hatco court makes clear that there is no right to a jury trial in cases brought under either Sections 9607 or 9613." (Op., ECF No. 30, at 3 (citing Hatco Corp. v. W.R. Grace & Co. Conn., 59 F.3d 400, 411-12 (3d Cir. 1995).) The Court accordingly struck Defendants' jury demand. (Order, ECF No. 31.)

Defendants argue at length to distinguish Hatco from the instant case and to emphasize the distinction between legal and equitable relief with respect to the right to a jury trial, such that the Government's suit under CERCLA seeks legal relief for which a jury trial is available. (Def. Supp. Br., ECF No. 57, at 2-8; Def. Supp. Reply Br., ECF No. 62, at 2-6.) In particular, Defendants argue that Great West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), "now instructs decisions

on the right to a jury trial in cases brought under CERCLA § 107[]" such that Defendants are entitled to a jury trial. (Def. Supp. Reply Br., ECF No. 62, at 2; Def. Supp. Br., ECF No. 57, at 5-8.)

The Government counters that, "[a]s the only reported decisions in this jurisdiction that address the right to a jury trial under CERCLA Section 107(a), the reasoning and holdings enunciated in the district court and Third Circuit decisions in Hatco are controlling in the present case, and the Defendants' demand for a jury trial was properly stricken." (Gov. Supp. Br., ECF No. 56, at 4.) The Government also disputes that Hatco offered mere *dicta* or was superseded by Great West. (Gov. Supp. Reply Br., ECF No. 63, at 4-6.)

Hatco concerns whether CERCLA cost recovery and contribution claims trigger the Seventh Amendment right to a jury trial. 59 F.3d at 411-14. There, the Third Circuit held "that in suits brought under 42 USC §§ 9607 or 9613(f)(1), the parties are not entitled to a jury trial." Id., at 414. In so holding, the Court agreed with the Eighth Circuit's "widely accepted" holding that "that a jury trial was not permitted in an action brought under section 9607 by the government against several individuals[.]" Id., at 411-12 (citing United States v. Northeastern Pharmaceutical & Chem. Co., 810 F.2d 726, 749 (8th Cir. 1987), cert. denied, 484 U.S. 848 (1987)). Underpinning both decisions was the notion that jury trials are not available for equitable claims and in CERCLA cases the Government "is in effect seeking equitable relief in the form of restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances." Northeastern Pharmaceutical, 810 F.2d at 749; Hatco, 59 F.3d at 414 (concurring with district court's reasoning "that because the precipitating claims under section 9607 are primarily equitable in nature, a claim for contribution under section 9613(f)(1) is also essentially equitable").

The main point of contention between the parties is the Supreme Court's subsequent decision Great West, in which the Court cautioned that "not all relief falling under the rubric of restitution is available in equity" because, "[i]n the days of the divided bench, restitution was available in certain cases at law, and in certain others in equity." 534 U.S. at 212. Indeed, some courts have noted that Great West casts into doubt the vitality of Hatco. See United States v. Sunoco, Inc., 501 F. Supp. 2d 641, 652 (E.D. Pa. 2007) ("[A]lthough the Hatco court assumed that cost recovery is equitable simply because it involves restitution, that reasoning has been called into question by the Supreme Court's later clarification that not all restitution is equitable."); AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 451-52 (2d Cir. 2009) (while not reaching Seventh Amendment question, noting that post-Great West, "it is by no means clear that the restitution provided by § 9607(a) is equitable, rather than legal, in nature").

However, the Court is not convinced that this arguable uncertainty provided by a case not involving CERCLA is sufficient to deviate from the Third Circuit's clear holding—and, consequently, to reconsider this Court's prior decision. Moreover, cases decided after Great West continue to echo the holdings of Hatco and Northeastern Pharmaceutical. See City of Banning v. Dureau, 2013 WL 6063344, at *1 (C.D. Cal. Nov. 18, 2013) (subsequent to bench trial, citing both cases for proposition that "[t]here is no right to a jury trial in a private party CERCLA cost recovery action, for such relief is equitable in nature"); Neumann v. Carlson Envt'l., Inc., 429 F. Supp. 2d 946, 959 (N.D. Ill. 2006) (collecting cases and granting motion to strike jury demand because jury trial not available in 42 USC § 9607 cost recovery action, which is equitable in nature). Thus, considering this weight of authority and lack of any definitive recent trend in the case law, the

Court discerns no basis to reconsider its earlier decision to strike Defendants' jury trial demand because there is no right to a jury trial in cases brought under either Sections 9607 or 9613.[3]

In the interest of judicial economy and in light of the thorough briefing submitted with respect to Defendants' request for permission to file an interlocutory appeal, the Court proceeds to respectfully recommend[4] that the District Judge deny Defendants' request. A non-prevailing party may pursue an interlocutory appeal only when 1) the order involves a controlling question of law, 2) as to which there is a substantial ground for a difference of opinion, and 3) the final resolution of the appeal has the potential to materially advance the determination of the litigation. 28 USC § 1292(b); Tristani ex rel. Karnes v. Richman, 652 F.3d 360, 365 (3d Cir. 2011). Any appeal under § 1292(b) represents a "deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." Interfaith Cmty. Org., Inc. v. PFG Industries, Inc., 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982)). "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b)

---

[3] In light of essentially three full rounds of supplemental briefing, ECF Nos. 32, 35, 55-57, 85-86, the Court reaches the conclusions herein *de novo*. See Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters, No. CIV. 14-2974 WHW CLW, 2015 WL 1969360, at *10 (D.N.J. May 1, 2015) ("A court may reconsider its prior decisions *sua sponte* so long as it explains the reasoning behind its decision and takes the appropriate steps to ensure that the parties are not prejudiced by reliance on its prior ruling." (citing DeFranco v. Wolfe, 387 F. App'x 147, 155–56 (3d Cir. 2010); Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997))); Gelber v. Kirsch, No. 2:14-CV-6768 JLL JAD, 2015 WL 1471960, at *1, n.1 (D.N.J. Mar. 30, 2015) (undertaking *sua sponte* reconsideration in response to objection to report and recommendation), report and recommendation adopted, 2015 WL 2403971 (D.N.J. May 20, 2015). Good cause also exists to proceed in this fashion because neither the parties' first round of briefing nor the Court's prior Opinion & Order expressly cited Great West, which presents the core issue here. See ECF Nos. 25-26, 28-31.

[4] In contrast to a motion to strike a jury demand, a request for permission to file an interlocutory appeal is considered by a magistrate on a report and recommendation basis unless the parties have consented to magistrate jurisdiction. Compare United States v. Carlson, 2006 WL 2869122, at *2, n.1 (D. Colo. Oct. 6, 2006) (collecting cases that find that right to jury trial is not a dispositive issue) with Kiobel v. Millson, 592 F.3d 78, 92 (2d Cir. 2010) (discussing powers of magistrate judges and citing Vitols v. Citizens Banking Co., 984 F.2d 168, 169-70 (6th Cir. 1993), for proposition that magistrate lacks power to certify order for interlocutory appeal); Fiberlink Commc'ns Corp. v. Magarity, 24 F. App'x 178, 182, n.3 (4th Cir. 2001) (citing Chelette v. Harris, 229 F.3d 684, 686 (8th Cir. 2000) (holding that magistrate judges exercising jurisdiction by consent have power to certify questions for immediate appeal pursuant to 28 USC § 1292(b)) cert. denied, 531 U.S. 1156 (2001))).

are met, the district court may still deny certification." Barrios v. Suburban Disposal, Inc., 2014 WL 3058516, at *1 (D.N.J. July 7, 2014) (citations omitted).

Accepting that a controlling question of law is at stake, the Court nonetheless perceives no substantial ground for a difference of opinion because, as described above, the Third Circuit's holding in Hatco was plain, subsequent cases have echoed the holdings of Hatco and Northeastern Pharmaceutical, and the small contingent of cases that have questioned the vitality of those holdings have done so outside the CERCLA context or without squarely addressing the issue. In particular, the Court is unconvinced by Defendants' assertion, ECF No. 32-1 at 8, that the Third Circuit did not settle the question of the right to a trial by jury in Hatco because it did not consider the CERCLA provisions at issue in this case. On this point, the Court is satisfied that the cases relied upon above, by their express terms and holdings, encompass the claims at issue here and the Court further notes that substantial disagreement has not developed in the ample time since Great West was decided in 2002. Mindful that "the difference of opinion must arise out of genuine doubt as to the correct legal standard[,]" Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998), the Court is constrained to conclude that, in view of the cases presented and discussed herein, Defendants offer mere disagreement with the Court's ruling and likewise fail to present a Circuit split or an absence of applicable case law. The Court likewise concludes that granting Defendants leave to appeal would undermine the advancement of this litigation by permitting the case to proceed in piecemeal fashion for the sake of an appeal the substance of which is against the weight of the case law. The Court, accordingly, respectfully recommends that the District Judge deny Defendants' request for permission to file an interlocutory appeal.

**ACCORDINGLY, IT IS** on this 17th day of January, 2017,

**ORDERED** that, upon reconsideration, the Government's motion to strike Defendants' jury demand is granted; and

**RECOMMENDED** that the District Judge deny Defendants' request for permission to file an interlocutory appeal; and

**ORDERED** that any appeal or objection submitted to the District Judge shall conform to Local Civil Rule 72.1(c), with no extensions of time permitted unless otherwise provided by Rule.


*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**